DEBORAH OKIN, Plaintiff, *v.* MARY BANKS, Defendant.

Supreme Court, New York County, December 18, 1933.

*Sarafite & Naftalison [Louis J. Naftalison* and *Joseph A. Sarafite* of counsel], for the plaintiff.

*L. Arnold Weissberger,* for the defendant.

LEVY, J.   The allegations of the first partial defense tend to mitigate the damages to which the plaintiff is entitled since they set forth that the plaintiff herself stated that she had done a number of the things of which the defendant accused her in the allegedly slanderous statement complained of.   The partial defense appears, however, to be framed on the theory that some of the charges made against plaintiff were true because the plaintiff herself made statements which corresponded to the charges.   On this theory the partial defense is insufficient, since the statements of the plaintiff are at most evidence of the truth of the charges and do not in themselves establish their truth.   As the facts set forth are competent, however, in mitigation of damages, the defense will be upheld. The first complete defense is insufficient in law in that the answer given by the defendant to the inquiry alleged to have been addressed to her goes far beyond the scope of the inquiry and contains irrelevant information gratuitously volunteered.   (See Newell Slander & Libel [4th ed.], § 411.)   The motion is accordingly granted to the extent of dismissing the first complete defense, and otherwise denied, with leave to serve an amended answer within ten days from the service of a copy of this order, with notice of entry, upon payment of ten dollars costs.   Order signed.